Bisham KRIPALANI, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–72258.

Agency No. A72–885–508.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2004.**

Decided May 11, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Amy Ghosh, Law Office of Amy Ghosh, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, office of the district counsel Department of Homeland Security, San Francisco, CA, Leslie McKay, DOJ—U.S. Department Of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before SKOPIL, FARRIS, and LEAVY, Circuit Judges.

## MEMORANDUM***

Bisham Kripalani, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming without opinion the denial by an immigration judge (IJ) of his requests for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because the transitional rules apply, we have jurisdiction under 8 U.S.C. § 1105a(a). *See Movsisian v. Ashcroft,* 395 F.3d 1095, 1096 (9th Cir. 2005). Because the BIA affirmed the IJ's ruling without an opinion, we review the IJ's decision as the final agency action. *See* 8 C.F.R. § 1003.1(e)(4). We review the IJ's adverse credibility finding under the substantial evidence standard and will uphold the decision unless the evidence compels a contrary conclusion. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir. 2004). We deny the petition.

■ Substantial evidence supports the IJ's credibility determination. Kripalani claimed that he feared persecution in India on account of his membership in the social group of persons who are being threatened by a crime group in India due to their cooperation in the U.S. with U.S. authorities. Kripalani's involvement with the Indian crime group, by transporting fraudu-

lent credit cards using a false passport, led to his guilty plea and conviction for fraudulently possessing counterfeit access devices, in violation of 18 U.S.C. § 1029(a)(3). Kripalani testified about the incident leading to his arrest and conviction. Key parts of his testimony, such as who purchased his airline ticket and how the fraudulent passport was created, were contradicted by a sworn affidavit supporting the criminal complaint and by the testimony of his wife. Because the IJ had reason to question Kripalani's credibility, the IJ could properly require corroborating evidence, and Kripalani has not shown that the evidence he presented compelled a contrary conclusion in order to overcome the special deference accorded to credibility determinations. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

■ Even assuming that Kripalani testified credibly, the IJ correctly determined that Kripalani was not eligible for asylum relief because he was not a member of a particular social group within the meaning of 8 U.S.C. § 1101(a)(42)(A). A "particular social group" implies a collection of people who are actuated by some common impulse or interest, or whose voluntary associational relationship imparts some common characteristic that is fundamental to the identity of that group. *See De Valle v. INS,* 901 F.2d 787, 793 (9th Cir.1990). While persons who become informants may share some common impulse or interest, the differences among informants far outweigh the similarities. *See id.* Therefore, Kripalani was not a member of a social group within the meaning of the immigration laws.

Because Kripalani failed to establish eligibility for asylum, he has necessarily failed to meet the more stringent standard for withholding of removal. *See Movsi-*

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General

*sian,* 395 F.3d at 1097. Kripalani has also failed to meet the standard for CAT relief. *See* 8 C.F.R. § 208.16(c)(2); *Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897, 901 (9th Cir.2004), Kripalani's voluntary departure period will begin to run upon the issuance of this court's mandate.

PETITION FOR REVIEW DENIED.